# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
### (Chattanooga Division)

| | | |
|---|---|---|
| **DAVID BOCK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civ. Action No.** 1:26-cv-140 |
| | ) | |
| **UNUM LIFE INSURANCE COMPANY** | ) | |
| **OF AMERICA,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **UNUM GROUP CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR
## DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1. Plaintiff David Bock's claim against Defendants Unum Life Insurance Company of America and Unum Group Corporation is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (herein "ERISA").

2. Bock seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, Bock seeks: (a) a declaration and enforcement of rights under the long-term disability insurance policy at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) a reinstatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the

long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (f) an award of attorney's fees and costs.

3.      Venue and jurisdiction are proper in this district because Unum Group is headquartered in Chattanooga, Tennessee, and exercised control over the administration of Bock's claim there.

**PARTIES**

4.      Plaintiff **David Bock** is a former employee of Land O'Lakes, Inc.. While employed there, and while covered by its welfare benefit plan, Bock became disabled as that term is defined by the Plan.

5.      The Land O Lakes Inc Health and Welfare Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6.      Land O'Lakes, Inc. is the Plan Administrator of the Plan.

7.      The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8.      **Unum Life Insurance Company of America** ("Unum Life") was contracted by the Plan Administrator to act as fiduciary under the Plan as Claims Review Administrator.

9.      Unum Life may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, TN 37243-1131.

10.     Upon information and belief, Unum Life's role was limited to underwriting the group policy, while claim administration and decision-making authority were exercised by Unum Group.

11.    **Unum Group Corporation** ("Unum Group") is the parent company of Unum Life and is headquartered in Chattanooga, Tennessee.

12.    Unum Group exercises significant control over the policies and actions of Unum Life.

13.    Upon information and belief, all claims personnel in this case are employees of Unum Group.

14.    Upon information and belief, all claims handling policies and procedures are set by Unum Group

15.    Upon information and belief, The Claims Manual is issued and controlled by Unum Group.

16.    Upon information and belief, medical reviews conducted in-house were conducted by Unum Group employees. All other medical reviewers or venders were retained through Unum Group.

17.    Upon information and belief, the appeal decision at issue in this case was made by Unum Group and its employees.

18.    Unum Group is the employer of all persons who acted on behalf of Unum Life.

19.    Accordingly, Unum Group exercised discretionary authority and control over the administration of Bock's claim and the determination of benefits.

20.    Unum Group may be served with process by and through its registered agent for service, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

21.    Upon information and belief, Unum Group and Unum Life (collectively, "Unum") made all decisions regarding Bock's claim for benefits in this case.

3

## THE EMPLOYEE WELFARE BENEFIT PLAN

22. At all times relevant Bock was employed by Land O'Lakes and was a plan participant in the Plan under ERISA.

23. The Plan Administrator has delegated disability claims administration to the Unum.

24. Land O'Lakes, Inc., the Plan Administrator, and Unum are fiduciaries pursuant to ERISA and/or "deemed fiduciaries."

25. Unum is responsible for conducting any ERISA mandated claim evaluation and final review rests with Unum and with no other entity.

26. Unum, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

27. Unum is fully responsible for the payment of all claims made under the Plan.

## UNUM'S REGULATORY SETTLEMENT AGREEMENT (RSA) AND CLAIMS HANDLING OBLIGATIONS

28. Following a multistate examination, Unum entered into a binding Regulatory Settlement Agreement ("RSA"), which required significant reforms to its claims handling procedures.

29. As amended, the RSA imposes specific requirements governing the evaluation of disability claims.

30. First, Unum must give **"significant weight"** to the opinions of a claimant's attending physician. An attending physician's opinion may not be rejected unless Unum provides specific, medically supported reasons demonstrating inconsistency with substantial evidence in the record.

4

31. Second, Unum must inform claimants in writing of their right to request an independent medical examination ("IME"), unless the claim is approved.

32. These requirements remain binding on Unum.

33. Unum has incorporated these same obligations into its internal claims handling guidelines, including its Benefits Center Claims Manual.

34. In its Claims Manual, Unum instructs its employees to give significant weight to attending physicians and acknowledges that it is required to notify claimants of their right to request an IME.

35. There requirements govern Unum's handling of Bock's claim.

## HISTORY OF THE CLAIM

36. Bock worked for Land O'Lakes until he became disabled.

37. At all times relevant Bock has met the Plan's definition of disability.

38. The Plan provides for lost income benefits.

39. Bock timely gave notice of disability and applied for long-term disability benefits under the Plan.

40. Unum confirmed that Bock met the Plan's definition of Disabled as of **December 2013** and began paying benefits effective June 15, 2014.

41. In the intervening twelve years, Bock's health has not improved.

42. In fact, after two years, the policy changed definitions of disability to an inability to perform any gainful occupation, not merely the duties of Bock's own occupation. Even under that more demanding definition, Unum continued to find that Bock was disabled for nearly another decade.

5

43. On August 12, 2025, Unum terminated Bock's long-standing benefits, without any positive improvement in his health or any substantial evidence that he could perform any gainful occupation.

44. Without the aid of an attorney, Bock filed an appeal on September 24, 2025.

45. Had he waited – Bock would have had until February 8, 2026 to file his appeal.

46. On December 4, 2025, Unum sent Bock a letter by USPS mail (herein, "snail mail"), informing him that it intended to deny his appeal. That letter provided him with a review from Dr. Epstein, a physician on contract with Unum.

47. Unum asserted that it needed Bock's response and rebuttal from Bock and his physicians no later than December 19, 2025.

48. On December 29, 2025, Bock sent Unum correspondence, memorializing their agreement that he could have an extension to respond to Dr. Epstein's report. At that time, he notified Unum that he was in the process of scheduling a Functional Capacity Evaluation (FCE) to show that his condition had not changed since Unum approved his claim in 2014.

49. The Multi-State Regulatory Settlement Agreement (RSA) requires Unum to both conduct FCEs when circumstances warrant, as well as to fairly consider them.

50. Despite agreeing Bock had remained disabled for well over a decade, Unum at no point considered conducting an FCE or other type of independent medical examination. Nor did it inform Bock of his right to request an IME.

51. On February 11, 2026, Bock sent Unum correspondence informing it that he had called Unum several times since his December 29 letter, but that he had not heard back from Unum. He reminded Unum that they had agreed to allow an extension while he scheduled and

6

underwent an FCE. He informed Unum that the soonest he was able to schedule an FCE was for April 2026 and asked that they continue tolling their review.

52. On February 18, 2026, Unum sent Bock a letter by snail mail, claiming that it would *not* review the FCE that it had agreed to provide him an extension for. In fact, Unum claimed that it had already denied his appeal on February 6, 2026 (a letter it had also sent by snail mail), without waiting for Bock's FCE or other evidence that it told him he could submit.

53. Unum's refusal to provide an extension and wait for evidence it knew would support Bock's claim was arbitrary and capricious.

54. Had Bock waited to appeal, he could have filed his appeal as late as February 8, 2026, yet Unum refused him extensions and denied his appeal on February 6, 2026.

55. Bock has exhausted the administrative remedies of the Plan.

56. Unum has violated the terms of the Plan, ERISA's claims procedure requirements under 29 U.S.C. § 1133, its fiduciary duties under 29 U.S.C. § 1104, the Regulatory Settlement Agreement, and its own Claims Manual.

57. Bock is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

58. Bock is entitled to these benefits because the benefits are permitted under the policy issued by Unum; Bock has satisfied all conditions precedent to be eligible to receive the benefits and he has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

Plaintiff David Bock requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of Unum to deny benefits.

2.      That Bock is entitled to long-term disability benefits under the Plan.

3.      That Bock is entitled to payment of past-due long-term disability benefits and reinstatement to monthly benefits under The Plan.

4.      That Bock is entitled to payment of pre- and post-judgment interest.

5.      That Bock is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*David Bock*
By Counsel

_____/s/_____
Damon R. Miller | No. 98308
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
dmiller@BenGlassLaw.com
        *Counsel for Plaintiff*